[Cite as *State v. Fisher*, 2023-Ohio-1372.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 111953 |
| v. | : | |
| BRANDON FISHER, | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 27, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-657553-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Steven N. Szelagiewicz, Assistant Prosecuting Attorney, *for appellee.*

Valore & Gordillo LLP and Dean M. Valore, *for appellant.*

MARY EILEEN KILBANE, P.J.:

{¶ 1} Defendant-appellant Brandon Fisher ("Fisher") argues that the Reagan Tokes Law is unconstitutional and, therefore, his sentence imposed under

the law is invalid. For the following reasons, we find that the Reagan Tokes Law is not unconstitutional and affirm the lower court's ruling.

**Factual and Procedural History**

{¶ 2} On March 26, 2021, in Cuyahoga C. P. No. CR-21-657553-A, a Cuyahoga County Grand Jury indicted Fisher on 12 counts of rape in violation of R.C. 2907.02(A)(1)(b); six counts of gross sexual imposition in violation of R.C. 2907.05(A)(4); six counts of kidnapping in violation of R.C. 2905.01(A)(4); two counts of endangering children in violation of R.C. 2919.22(B)(1); one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(a); one count of driving while under the influence in violation of R.C. 4511.19(A)(1)(g); one count of physical control of vehicle while under the influence in violation of R.C. 4511.194(B)(1); and one count of motor vehicle offenses in violation of R.C. 4510.11(A). The rape, kidnapping, and endangering children counts all included furthermore clauses, and the kidnapping counts included a sexual-motivation specification. The charges arose from incidents that allegedly occurred between Fisher and his minor daughter. On April 22, 2021, Fisher pleaded not guilty to the indictment.

{¶ 3} From May 2021 through February 2022, the trial court continued the matter pursuant to COVID-19 protocols. On May 12, 2022, the trial court conducted a plea hearing where Fisher withdrew his prior pleas and pleaded guilty to the following: amended Counts 2, 9, and 22, rape in violation of R.C. 2907.02(A)(2); Counts 3, 11, and 23, gross sexual imposition in violation of R.C. 2907.05(A)(4);

Count 25, endangering children in violation of R.C. 2919.22(B)(1); Count 27, driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a); and Count 29, physical control of vehicle while under the influence in violation of R.C. 4511.194(B)(1). The remaining counts were nolled. The trial court instructed Fisher that Counts 2, 9, 22, and 25 were qualifying offenses under the Reagan Tokes Law, and Fisher's counsel objected to the constitutionality of the Reagan Tokes Law. The trial court referred Fisher to the probation department for a presentence investigation and to the court's psychiatric clinic for a recommendation regarding disposition.

{¶ 4} On September 7, 2022, the trial court held a sentencing hearing. Fisher's counsel again objected to the constitutionality of the Reagan Tokes Law. The trial court ordered Fisher to serve ten years each on Counts 2 and 9; five years each on Counts 22 and 25; 36 months each on Counts 3, 11, and 23; and 180 days on Count 27. Count 29 merged with Count 27 for purposes of sentencing. The court further ordered that the sentences on Counts 2, 22, and 25 run consecutive to each other and concurrent to the sentences in Counts 3, 9, 11, 23, and 27. The sentences on Counts 3, 9, 11, 23, and 27 were to run concurrent to each other. Pursuant to the Reagan Tokes Law, the court imposed an indefinite sentence of 10 to 15 years on Count 2. The total stated prison term was 20-25 years. The court classified Fisher as a Tier III sex offender/child offender and imposed postrelease control.

**{¶ 5}** On September 16, 2022, Fisher filed a timely notice of appeal presenting a single assignment of error for our review: The Reagan-Tokes Law is unconstitutional on its face.

**Legal Analysis**

**{¶ 6}** In his sole assignment of error, Fisher argues that the Reagan Tokes Law is unconstitutional and, therefore, his sentence imposed under that law is invalid. Specifically, Fisher argues that his indefinite sentence under the Reagan Tokes Law, enacted under S.B. 201 and R.C. 2901.011, is unconstitutional because it violates his constitutional right to a jury trial, the separation-of-powers doctrine, and his due-process rights. Fisher also argues that because his trial counsel failed to object to the imposition of an indefinite sentence, his appeal should be reviewed for plain error. The state argues that this court found the Reagan Tokes Law constitutional in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.). The state further contends that Fisher objected to the imposition of indefinite sentences under the Reagan Tokes Law but did not object to the constitutionality of the law and, therefore, forfeited his constitutional challenges.

**{¶ 7}** A review of the transcripts from the plea and sentencing hearings demonstrates Fisher's counsel objected to the constitutionality of the Reagan Tokes Law at both hearings:

> **DEFENSE COUNSEL**: Right. And I would just, prior to getting to that, obviously note our objection to Reagan Tokes as being unconstitutional under both the constitutions of the State of Ohio and the United States of America.

**THE COURT**: Defense counsel, I'll note your objection to any Reagan Tokes indefinite maximum sentence being given to your client on Count 2, the F1 rape, Count 9, the F1 rape, Count 22, the F1 rape, and Count 25, the F2, endangering children.

Plea hearing, May 12, 2022, tr. 14-15.

**DEFENSE COUNSEL**: Your Honor, just [as] a matter of housekeeping in regards to the Reagan Tokes count, we would ask the Court to note our objection as that being unconstitutional at this time.

Sentencing hearing, Sept 7, 2022, tr. 39-40. Where Fisher's trial counsel raised an objection to the constitutionality of the Reagan Tokes Law, we are not limited to reviewing for plain error.

{¶ 8} This court's en banc decision in *Delvallie* overruled Fisher's challenges to S.B. 201 that are presented in this appeal. Therefore, we are constrained to follow *Delvallie*, and find that the Reagan Tokes Law is not unconstitutional. We must find that Fisher's sentence pursuant to the Reagan Tokes Law was not a violation of his constitutional rights and, thus, his assignment of error is overruled.

{¶ 9} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

LISA B. FORBES, J., and
EMANUELLA D. GROVES, J., CONCUR


N.B. Judge Mary Eileen Kilbane joined the dissents by Judge Lisa B. Forbes and Administrative Judge Anita Laster Mays in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).

Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Administrative Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.